**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

VIVEK SHAH,
Reg. #43205-424 PLAINTIFF

V. 4:15CV000254 SWW

ERIC H. HOLDER, JR.
U.S. Attorney General DEFENDANT

**ORDER**

Plaintiff Vivek Shah is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas. He has filed this *pro se* action challenging the constitutionality of two federal statutes. *Doc. 2.*

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Shah challenges the constitutionality of 18 U.S.C. §§ 875 and 876, which are criminal statutes prohibiting extortion and the mailing of threatening communications. *Doc. 2.* Shah states that he "intends to engage in conduct that is proscribed" by those statutes. *Id. at 4.* Thus, he seeks a declaratory judgment finding the statutes unconstitutional, as well as an injunction prohibiting U.S. Attorney General Eric Holder, Jr., from enforcing the statutes. *Id.*

Plaintiff previously raised that claim against Holder in the District Court for the District of Columbia. On February 21, 2014, the Court concluded that Shah did not have standing to prospectively challenge the constitutionality of those statutes, and the D.C. Circuit summarily affirmed that ruling on appeal. *See Shah v. Holder*, 2014 WL 772609 (D.D.C. Feb. 21, 2014) (unpublished decision), *aff'd*, 2014 WL 3014971 (D.C. Cir. Jun. 19, 2014) (unpublished opinion). Importantly, Shah did not file a petition for a writ of certiorari with the United States Supreme Court. Thus, the District of Columbia's ruling is final, and the doctrines of res judicata and collateral estoppel prevent Shah from relitigating that matter in this federal court. *See Smith v. Johnson*, 779 F.3d 867, 870-71 (8th Cir. 2015); *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015).

IT IS THEREFORE ORDERED THAT:

1. This case is dismissed with prejudice as being frivolous.

2. The dismissal constitutes a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 11th day of May, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE